**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION**

| | |
|---|---|
| GIZE COOK,<br><br>                    Plaintiff,<br><br>        vs.<br><br>DOMINO'S PIZZA, INC.,<br><br>                    Defendant. | Case No.: 1:26-cv-5<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

Plaintiff Gize Cook (hereinafter "Cook" or "Plaintiff"), by and through her attorneys, Sage Legal LLC, upon personal knowledge as to herself and upon information and belief as to other matters, respectfully brings this Complaint against Defendant Domino's Pizza, Inc. (hereinafter "Defendant") and alleges as follows:

**INTRODUCTION**

1.      Plaintiff brings this lawsuit against Defendant for unlawful discrimination and harassment in violation of Title II of the Civil Rights Act of 1964 ("Title II") (42 U.S.C. § 2000a), the New York State Human Rights Law ("NYSHRL"), New York Executive Law § 296, and the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code § 8-107.

2.      Based on the circumstances alleged herein, Defendant discriminated against Plaintiff by reason of her gender identity.

3.      Plaintiff has therefore commenced this case to seek injunctive relief under Title II, and compensatory damages as well as emotional distress damages under the NYSHRL and NYCHRL for gender-based discrimination, plus interest (pre-judgment and post-judgment), attorneys' fees, and costs.

## JURISDICTION, VENUE, AND PARTIES

4.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 based on a federal question given that Plaintiff pursues claims under Title II, a federal law.

5.      In addition, this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states.

6.      Specifically, Plaintiff is a citizen of New York, residing in the County of Bronx.

7.      Meanwhile, Defendant is a corporate entity incorporated in the State of Delaware with its principal place of business in the State of Michigan.

8.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims against Defendant because they are part of the same case or controversy and arise under a common nucleus of operative facts.

9.      Venue is proper in this County pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred here.

10.     The Defendant owns and/or operates a franchise located at 220 East 161st Street, Bronx, NY 10451-3543 which is known to Defendant as Store No. 3321 (hereinafter the "Restaurant").

## FACTS

11.     Based upon the information preliminarily available, and subject to discovery in this cause, Defendant discriminated against the Plaintiff on the basis of her sex and gender, as well as her gender identity and expression.

12.     On June 7, 2025, Plaintiff, a transgender woman, entered the Restaurant with the simple and lawful intention of purchasing food.

13.     Rather than being treated with the courtesy and dignity owed to all customers, Plaintiff was met with hostility, ridicule, and an atmosphere of intimidation that constituted not only a breach of public accommodation standards, but a clear violation of her civil rights under federal, state, and local law.

14.     Immediately upon entering the establishment, Plaintiff was made to feel unwelcome.

15.     Several employees of Defendant exhibited conduct that was motivated directly by her gender identity.

16.     What began with judgmental glances and dismissive body language quickly escalated into verbal harassment.

17.     Staff members of Defendant made overtly transphobic remarks, speaking in a manner that was both demeaning and deliberately humiliating.

18.     For example, Plaintiff heard one employee say to another employee that the order was for "*el maricón,*" which translates to "faggot" in English.

19.     When Plaintiff asked what the other employee had said, the employee denied any words being uttered.

20.     Upon receiving her order, Plaintiff was misgendered by an employee, who said that the order was for "him" (referring to Plaintiff).

21.     This verbal abuse was neither isolated nor incidental—it reflected a coordinated, targeted form of discrimination that no customer should ever be subjected to, especially within a public-facing business that is obligated to serve the general public without bias.

22.     The situation escalated, with Plaintiff defending herself against Defendant's hatred for several minutes, all of which felt like hours for the Plaintiff.

23.    As Plaintiff continued to stand up for herself, another employee entered the situation from the back of the establishment, also calling her a "*maricón.*"

24.    The situation escalated to an alarming degree when multiple employees proceeded to threaten Plaintiff with physical violence.

25.    One or more employees made aggressive gestures and advanced toward Plaintiff in a threatening manner, placing her in immediate fear for her safety.

26.    Plaintiff did nothing to provoke this response.

27.    Plaintiff did not act in a disruptive or outrageous manner; she raised her voice only after staff members spoke to her in a hostile or insulting tone, and her response was limited to defending herself in a situation where she felt outnumbered, humiliated, and publicly mistreated.

28.    Nonetheless, Plaintiff's presence alone appeared to provoke a violent reaction based solely on prejudice against her gender identity as a transwoman.

29.    As a result of these violations of laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

30.    Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE II –DISCRIMINATION BASED ON GENDER EXPRESSION

31.    Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

32.    Plaintiff is a transgender woman.

33.    Defendant made discriminatory comments to Plaintiff regarding her sex and gender, as well as her gender identity and expression.

34.    In addition, Defendant marginalized Plaintiff while treating male non-transgender customers more favorably.

35.    Title II prohibits discrimination in places of public accommodation on the basis of race, color, religion, and national origin.

36.    While the statute does not expressly reference sex, gender identity, or gender expression, Plaintiff asserts this claim to preserve the argument that discrimination on the basis of sex, gender, and gender expression falls within the remedial scope and constitutional principles underlying Title II.

37.    Specifically, Plaintiff asserts that discrimination on the basis of sex, gender, and gender expression is analogous to discrimination on the basis of religion, as both implicate core expressive and identity-defining characteristics protected by the Constitution, and therefore should be treated as a prohibited ground under Title II.

38.    Plaintiff suffered due to Defendant's unlawful discriminatory conduct under Title II as properly construed, and is entitled to equitable relief in the form of permanently restraining Defendant from engaging in such unlawful conduct, as well as attorneys' fees and costs as permitted by law.

**COUNT II**
**VIOLATION OF NYSHRL - DISCRIMINATION AND**
**HARASMENT ON THE BASIS OF GENDER IDENTITY**

39.    Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

40.    Plaintiff is a member of a protected class on the basis of her sex and gender, as well as gender identity and expression.

41.    The NYSHRL imposes clear legal obligations on places of public accommodation—such as restaurants, stores, and service providers—to ensure that all members of the public are treated equally and without bias based on protected characteristics, including gender, gender identity, and gender expression.

42.    Defendant's conduct falls squarely within the prohibitions established under the NYSHRL (Executive Law Article 15, § 296(2)(a)), which bars any place of public accommodation from denying, withholding, or limiting services or privileges on the basis of sex, gender, gender identity, or gender expression.

43.    The conduct of Defendant's employees—ranging from transphobic verbal harassment to physical intimidation and attempted assault—constitutes not only a violation of the NYSHRL but also grounds for holding Defendant vicariously liable under the doctrine of *respondent superior*.

44.    Owners and/or operators of places of public accommodations are legally accountable for the actions of their employees when such discriminatory actions occur within the scope of their employment or in connection with the employer's business.

45.    Defendant may also be held liable under the NYSHRL for its failure to prevent or remediate discriminatory conduct.

46.    The absence of appropriate staff training, supervision, and response mechanisms in situations like the one involving Plaintiff reflects a broader systemic failure.

47.    The NYSHRL imposes an affirmative duty on owners and/or operators of places of public accommodations to maintain a discrimination-free environment and to take corrective action when violations occur.

48.     A failure to investigate, discipline, or prevent such conduct only compounds liability and further exposes Defendant to reputational and legal consequences.

49.     Plaintiff's experience, as detailed above, clearly demonstrates that Defendant failed in its legal obligations to ensure that individuals are served without prejudice and that its premises remain safe and inclusive.

50.     The emotional and psychological harm caused by such conduct, along with the unlawful denial of equal treatment in a place of public accommodation, supports a claim for compensatory damages, injunctive relief, and, where applicable, punitive damages under the NYSHRL.

51.     As a direct and proximate result of said unlawful discrimination and harassment on the basis of Plaintiff's gender identity and in disregard of her rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages.

**COUNT III**
**VIOLATION OF THE NYCHRL - DISCRIMINATION AND**
**HARASSMENT ON THE BASIS OF GENDER IDENTITY**

52.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

53.     Defendant bears direct liability for the discriminatory and harassing conduct perpetrated against Plaintiff under the NYCHRL.

54.     The NYCHRL (N.Y.C. Admin. Code § 8-107 et seq.) explicitly protects against discrimination based on actual or perceived gender identity and gender expression.

55.     Owners and/or operators of places of public accommodations, such as herein Defendant, have the legal obligation to respect a person's gender identity.

56.     Defendant discriminated against Plaintiff on the basis of her gender identity and/or expression.

57.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages including emotional distress and other harm, and is entitled to all remedies available under the law, including compensatory damages, punitive damages, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  Declare that the conduct complained of herein are unlawful under Title II, the NYSHRL, and the NYCHRL;

B.  Declare that the actions of the Defendant constituted unlawful discrimination and harassment;

C.  Grant an injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

D.  Determine the damages sustained by Plaintiff as a result of Defendant's violations of Title II, the NYSHRL, and the NYCHRL, and award those damages against Defendant and in favor of Plaintiff, plus such pre-judgment and post-judgment interest as may be allowed by law;

E.  Award Plaintiff an additional equal amount as liquidated damages because Defendant's violations were without a good faith basis;

F.  Award Plaintiff her reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

G.  Grant Plaintiff such other and further relief that the Court deems just, equitable, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully

demands a trial by jury on all questions of fact raised by the complaint.

Dated: Jamaica, New York
      January 2, 2026               Respectfully submitted,

                                   **SAGE LEGAL LLC**

                                   By: */s/ Emanuel Kataev, Esq*
                                   Emanuel Kataev, Esq.
                                   18211 Jamaica Avenue
                                   Jamaica, NY 11423-2327
                                   T: (718) 412-2421 (office)
                                   T: (917) 807-7819 (cellular)
                                   F: (718) 489-4155
                                   E: emanuel@sagelegal.nyc

                                   *Attorneys for Plaintiff*
                                   *Gize Cook*